UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Bianca Acuna,
Robert Morrell, and
Jose Aguila Carrasco,

*Defendants.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/15/22

Protective Order

22 Cr. 334 (CM)

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or defense counsel that are either (1) designated in whole or in part as "Confidential" or as "Subject to Protective Order" by the Government in emails or communications with defense counsel, or (2) that include a Bates or other label stating "Confidential" or "Subject to Protective Order" shall be deemed "Confidential Material."

2. **Sensitive Material.** Certain material that the Government will disclose, referred to herein as "Sensitive Material" or "Sensitive Disclosure Material," contains information that

identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Materials to be produced by the Government and which contain Sensitive Material may be designated as "Sensitive Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Sensitive," "Sensitive Material," or "Sensitive Disclosure Material." The Government's designation of material as Sensitive Material will be controlling absent contrary order of the Court.

3. Confidential Material and Sensitive Material disclosed by the Government are collectively referred to as "Protected Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Protected Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Protected Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Protected Material to the media or any third party except as set forth below.

5. Confidential Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action; and

2

(c) The defendant.

6. Sensitive Material may be disclosed by counsel to the defendants and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendants outside the presence of counsel or personnel for whose conduct counsel is responsible; and shall not be copied or otherwise recorded by the defendant.

7. The Government may authorize, in writing, disclosure of Protected Material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any Protected Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

9. Except for Protected Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Protected Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Protected Material. All such persons shall

3

be subject to the terms of this Order. Defense counsel shall maintain a record of what Protected Material has been disclosed to which such persons.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: July 5, 2022
Andrew Jones
Assistant United States Attorney

BIANCA ACUNA

_____              Date: 7-7-22
Lee Ginsburg, Esq.
Counsel for Bianca Acuna

ROBERT MORRELL

_____              Date: July 6, 2022
Louis Fasulo, Esq.
Counsel for Robert Morrell

JOSE AGUILA CARRASCO

_____              Date: July 5, 2022
Zachary Margulis-Ohnuma, Esq.
Counsel for Jose Aguila Carrasco

SO ORDERED:

Dated: New York, New York
       July __, 2022

_____
THE HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

5